## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLEN S. WEST, JR. AND ANNE WEST HUMMEL** | **CIVIL ACTION** |
| **VERSUS** | **NO.:** |
| **MARK J. DEDINSKY, MD AND LOUISIANA MEDICAL MUTUAL INSURANCE COMPANY** | **SEC. " "** |
| | **MAG. " "** |
| | **JURY TRIAL REQUESTED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

The Complaint of Allen S. West, Jr. and Anne West Hummel, persons of full age, represent as follows:

1.

Plaintiff, Allen S. West, Jr., was, at all relevant times, of full age, the parent of the late Allen S. West, III, and is currently a resident of the State of Florida.

2.

Plaintiff, Anne West Hummel, was, at all relevant times, of full age, the parent of the late Allen S. West, III, and is currently a resident of the State of Florida.

3.

–1–

Made defendant herein is Mark J. Dedinsky, MD, upon information and belief, a person of the full age of majority, a resident of the State of Louisiana, and a licensed physician by the State of Louisiana, who was practicing medicine in Louisiana at all relevant times.

4.

Made defendant herein is Louisiana Medical Mutual Insurance Company ("LAMMICO"), a Louisiana insurer, doing business within the jurisdiction of this Court, which provides a policy of liability insurance to defendant, Mark J. Dedinsky, covering the matters sued upon herein, and said defendant is directly liable to petitioners, pursuant to the provisions of the Louisiana Direct Action Statute.

5.

On September 14, 2010, at approximately 2200 hours, Allen S. West, III ("Allen III") accidently overdosed on Methadone.

6.

On September 15, 2010, at approximately 0118 hours, Allen III collapsed while at work.

7.

On September 15, 2010, at approximately 0118 hours, New Orleans EMS was dispatched and arrived at the scene where Allen III was located at 0120 hours.

8.

On September 15, 2010, at 0122.5 hours, Allen III was ventilated by paramedics in the field via bag valve mask.

9.

On September 15, 2010, at 0125 hours, Allen III was administered 2mg Narcan and then another 2mg Narcan. After 2-5 minutes, Allen III was noted to be alert and able to answer questions. Several minutes later, he was noted to be alert and oriented x 3, but not to events.

10.

On September 15, 2010, at 0140 hours, New Orleans EMS transported Allen III from the scene to Tulane University Hospital emergency room, and arrived there at approximately 0144 hours.

11.

On September 15, 2010, beginning at 0145 hours, Allen III was examined in the Tulane University Hospital emergency department by Dr. Mark Dedinsky.

12.

On September 15, 2010, between 0146 hours and 0447 hours, Allen III remained in the Tulane University Hospital emergency room.

13.

On September 15, 2010, at 0447 hours, Dr. Mark Dedinsky discharged Allen III from the Tulane University Hospital emergency department.

14.

3 hours and 22 minutes elapsed between 0125 hours on September 15, 2010, when Allen III was administered, 2mg of Narcan, followed immediately by another 2mg of Narcan, by New Orleans EMS, and 0447 hours on September 15, 2010, when Allen III was discharged from the Tulane University Hospital emergency department by defendant, Dr. Mark J. Dedinsky.

−3−

15.

Following discharge from the Tulane University Hospital emergency department by Dr. Dedinsky, Allen III was escorted home by a friend, Erin, and arrived home at approximately 0500 hours on September 15, 2010.

16.

Eamon O'Connor, a roommate of Allen III's, was at home when Allen III arrived home and Eamon observed Allen III upon his arrival.

17.

Allen III was having difficulty standing and sat down on the sofa in the front room where Eamon typically slept.

18.

Allen III looked terrible, was having difficulty communicating, was slurring his words and his speech was fragmented.

19.

After approximately 10 minutes, Erin left and Allen III laid down on the sofa where he had been sitting.

20.

Allen III spoke to Eamon for a few more minutes and then Allen III fell asleep.

21.

Another roommate, Christopher Shirley also observed Allen III sleeping on the sofa around 0805 or 0810 hours on September 15, 2010.

22.

Eamon again observed Allen III asleep on the sofa at approximately 1000 hours on September 15, 2010, and then Eamon went into another room in the house.

23.

Eamon got up to check on Allen III again a little after 1300 hours on September 15, 2010. At that time, Allen III was in the same position that Eamon had left him previously, laying on the sofa. Allen III was not breathing.

24.

Eamon called 911, reported the emergency and began CPR.

25.

EMS arrived within a short period of time and provided resuscitation efforts which were not successful.

26.

Allen III's cause of death according to autopsy was multiple drug intoxication.

27.

Plaintiffs maintain that Dr. Mark J. Dedinsky appropriately made the diagnosis of accidental Methadone overdose, based upon history and clinical presentation, which was confirmed by laboratory data.

28.

Plaintiffs maintain that Dr. Mark J. Dedinsky breached the standard of care by discharging Allen III from the emergency room 3 hours and 22 minutes after the administration of Narcan.

–5–

29.

Plaintiffs maintain that Dr. Mark J. Dedinsky deviated from the standard of care because he failed to recognize the pharmacokinetics of Methadone and Narcan, or, if he did recognize these drugs pharmacokinetics, then he failed to use reasonable care and diligence, along with his best judgment, and, in either event, he discharged Allen III prematurely from the emergency department.

30.

Allen III's respiratory distress recurred shortly after his discharge from the emergency department.

31.

If Allen III had been properly admitted and observed, the recurrence of Allen III's respiratory distress would have been recognized and appropriately treated, including administration of more Narcan, and Allen III would not have died on September 15, 2010, or, in the alternative, Allen III would have had a chance of survival that he lost.

32.

As a result, the defendants, Dr. Mark J. Dedinsky and his insurer, LAMMICO are liable jointly and in solido for Allen S. West, III's preterminal pain and suffering, and Allen S. West, Jr. and Anne West Hummel's grief, suffering and emotional distress caused by their son's death, and any medical and burial expenses that were incurred, or, in the alternative, for the loss of a chance of survival and damages related thereto.

–6–

33.

This matter was considered by a medical review panel on February 19, 2013, and the opinion of the medical review panel was mailed by certified mail as provided by statute on March 1, 2013, and received by the undersigned plaintiffs' counsel on March 7, 2013.

34.

Allen S. West, III was not married at the time of his death and had no children. Therefore, his parents, Allen S. West, Jr. and Anne West Hummel, bring this action for survival damages and wrongful death damages, or, in the alternative, for a loss of a chance of survival damages, and any further relief as provided by Louisiana law.

35.

Jurisdiction of plaintiffs' claims against defendants is based on 28 U.S.C. §1332, the diversity jurisdiction of this court, as the amount in controversy for both plaintiffs substantially exceeds $75,000.00, exclusive of costs and interest, and diversity of citizenship exists between all plaintiffs and all defendants.

36.

Venue is proper because the acts giving rise to plaintiffs' claims occurred in this judicial district.

WHEREFORE, plaintiffs pray that this Complaint be filed and that defendants, Dr. Mark J. Dedinsky and LAMMICO, be served and cited to appear and answer same, and after all legal delays and due proceedings had, there be judgment herein in favor of plaintiffs, and against

defendants, Dr. Mark J. Dedinsky and LAMMICO, jointly and in solido, for such damages as are reasonable and just under the circumstances, plus interest from the date that the medical review panel proceeding was initiated, April 21, 2011, until paid, for all costs of these proceedings, a trial by jury and all general and equitable relief.

Respectfully submitted,

*/s/David A. Abramson*
DAVID A. ABRAMSON (#21435)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
(504) 588-1500
(504) 588-1514        Facsimile
Abramson@lksalaw.com


**PLEASE SERVE:**

Dr. Mark Dedinsky
9 Brady Island Lane
Madisonville, LA 70447

and

Louisiana Medical Mutual Insurance Company
Through its agent for service of process
Thomas G. Grimstead, MD
1 Galleria Blvd., Suite 700
Metairie, LA 70001